**JOHN L. BURRIS, Esq., SBN 69888**
**PATRICK M. BUELNA, Esq., SBN 317043**
**LAW OFFICES OF JOHN L. BURRIS**
Airport Corporate Center
7677 Oakport St., Suite 1120
Oakland, CA 94621
Telephone:   (510) 839-5200
Facsimile:    (510) 839-3882
Email: John.Burris@johnburrislaw.com
Email: Patrick.Buelna@johnburrislaw.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| D.B., a minor and an individual, by and through his guardian ad litem JAMEILA SANTIAGO; RENEA MCENTEE, an individual. <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF SACRAMENTO, a municipal corporation; and DOES 1-50, inclusive. <br><br> Defendants. | Case No.: 2:19-at-00374 <br><br> COMPLAINT FOR DAMAGES <br> (42 U.S.C § 1983) <br><br><br> JURY TRIAL DEMANDED |

## INTRODUCTION

1.   This action arises out of a yet-to-be-identified Sacramento Police Officer hitting an innocent and unarmed, sixteen-year-old boy, Plaintiff D.B., with his police vehicle. Plaintiff D.B. was riding his bicycle to his grandmother's house when yet-to-be-identified Sacramento police officers stopped Plaintiff. Plaintiff became scared and ran towards his grandmother's

house. Another yet-to-be-identified Sacramento police officer responded, spotted Plaintiff running and drove his car into Plaintiff D.B. causing him to flip over the hood of the car.

2. At the time, Plaintiff D.B.'s mother, Plaintiff Renea Mcentee, having heard the sirens and the call concerning her son over a police scanner, was running up the street, heard the thump and crash of the officer hitting her son. As she approached the scene she saw and heard her injured son, Plaintiff D.B., crying out her name.

3. As a result of the officers' excessive force, Plaintiff D.B. suffered injuries to his leg and body, and extreme emotional distress. Plaintiff McEntee suffered extreme emotional distress.

## JURISDICTION

4. This action arises under Title 42 of the United States Code, Section 1983. The unlawful acts and practices alleged herein occurred in Patterson, Stanislaus County, California, which is within this judicial district. Title 28 United State Code Section 1391 (b) confers venue upon this Court.

## PARTIES

5. Plaintiff D.B. is a minor and a resident of SACRAMENTO, SACRAMENTO COUNTY, CALIFORNIA, sues in his individual capacity, by and through his Guardian Ad Litem, JAMEILA SANTIAGO.

6. Plaintiff RENEA MCENTEE is a competent adult and sues in her individual capacity. Plaintiff Mcentee is a resident of SACRAMENTO, CALIFORNIA, and is a United States Citizen. Plaintiff Renea Mcentee is the biological mother of Plaintiff D.B.

7. Plaintiffs are ignorant of the true names and/or capacities of defendants sued herein as DOES 1 through 50, inclusive, and therefore sues said defendants by such fictitious names.  Plaintiff will amend this complaint to allege the true names and capacities when ascertained.  Plaintiff believes and alleges that each of the DOE defendants is legally responsible and liable for the incident, injuries and damages hereinafter set forth.  Each defendant proximately caused injuries and damages because of their negligence, breach of duty, negligent

supervision, management or control, violation of public policy, and false arrests. Each defendant is liable for his/her personal conduct, vicarious or imputed negligence, fault, or breach of duty, whether severally or jointly, or whether based upon agency, employment, ownership, entrustment, custody, care or control or upon any other act or omission. Plaintiffs will ask leave to amend this complaint subject to further discovery.

8. In doing the acts alleged herein, Defendants, and each of them acted within the course and scope of their employment for the CITY OF SACRAMENTO.

9. In doing the acts and/or omissions alleged herein, Defendants, and each of them, acted under color of authority and/or under color of law.

10. Due to the acts and/or omissions alleged herein, Defendants, and each of them, acted as the agent, servant, and employee and/or in concert with each of said other Defendants herein.

11. Plaintiffs filed a timely government claim with the City, which was rejected on February 19, 2019.

## STATEMENT OF FACTS

12. The incident took place on the night of July 22, 2018 at approximately 10:00 PM at or near 2710 Rio Linda Blvd., Sacramento, California.

13. Plaintiff D.B. was riding his bicycle to visit his grandmother's house, down the street from his home, when two yet-to-be-identified Sacramento police officers stopped Plaintiff D.B. for not having a reflector/light on his bicycle. The officers asked Plaintiff D.B. his age. When Plaintiff D.B. informed the officers he was a minor they appeared not to believe him. Shortly after, Plaintiff D.B. became scared, dropped his bicycle and began to run towards his grandmother's house.

14. The officers pursued and broadcasted over the radio that Plaintiff had fled, although Plaintiff D.B. had committed no real crimes other than the minor traffic infraction of not having reflector/light on his bike. Another yet-to-be-identified Sacramento police officer responded to the area in his patrol vehicle and spotted Plaintiff running towards his

grandmother's house.

15. The officer was driving on the opposite side of the street, but turned his car, crossed the lane of oncoming traffic, drove up onto the curb, and hit Plaintiff D.B. sending him flying over the hood of the car. After, the officer lost control of his car on the front lawn of the house, and rammed into a car parked in the driveway.

16. At the time, Plaintiff D.B.'s mother, Plaintiff Renea Mcentee, having heard the sirens and the call concerning her son over a police scanner, was running up the street, heard the thump and crash of the officer hitting her son with a car. Plaintiff Mcentee believed that her son had been killed and/or maimed. As Plaintiff Mcentee approached the scene she saw and heard her injured son, Plaintiff D.B., crying out her name. Officers refused to permit Plaintiff Mcentee to see her son, despite the fact he was a minor, and check if he was alright. At the hospital, yet-to-be-identified officers alleged that it was all her son's fault that an officer decided to employ the deadly and improper use of his police car to his her son who was running away in fear.

17. As a result of the incident, Plaintiff D.B. suffered serious injuries to his legs and body and emotional distress. Plaintiff Mcentee suffered serious emotional distress as a result of hearing and seeing her son injured by officers.

## DAMAGES

18. As a proximate result of Defendant Does' unreasonable and excessive use of force, Plaintiff suffered physical injury, loss of wages, emotional distress, fear, terror, anxiety, humiliation, and loss of sense of security, dignity, and pride as a United States Citizen. The conduct of the Defendant Does was malicious, wanton, and oppressive.  Plaintiffs are therefore entitled to an award of punitive damages against Defendant Does.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION

**(Fourth Amendment – Excessive Force under 42 U.S.C. Section 1983)**
*(Plaintiff D.B. against DOES 1-25)*

19.   Plaintiffs hereby re-allege and incorporate by reference each and every paragraph of this Complaint.

20.   When the yet-to-be-identified officer struck Plaintiff D.B., Plaintiff presented no threat to anyone, was not reported as a threat over dispatch, was unarmed, and was merely running to his grandmother's house. Defendant Doe Officer's use of deadly force with his police vehicle was excessive and unreasonable, which violated both the officer's training and Plaintiff's constitutional rights under the Fourth Amendment. As a result of this misconduct, the yet-to-be-identified Defendant Does are liable for Plaintiff's injuries.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

**SECOND CAUSE OF ACTION**
**(Fourth Amendment – Unlawful Seizure under 42 U.S.C. Section 1983)**
*(Plaintiff D.B. against DOES 1-25)*

21.   Plaintiffs hereby re-allege and incorporate by reference each and every paragraph of this Complaint.

22.   When the yet-to-be-identified officer struck Plaintiff D.B. with his police vehicle, he presented no threat, was not reported as a threat over dispatch, was unarmed, and was merely running to his grandmother's house. Defendant Doe's use of force was an unlawful seizure which violated both their training and Plaintiff's constitutional rights under the Fourth Amendment.

23.    As a result of their misconduct, the Defendant Does are liable for Plaintiff's injuries.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

**THIRD CAUSE OF ACTION**
**(Supervisory and Municipal Liability for Unconstitutional Custom or Policy (Monell)–42 U.S.C. section 1983)**
*(Plaintiff D.B. against Defendant CITY OF SACRAMENTO and DOES 26-50)*

24.   Plaintiffs hereby re-allege and incorporate by reference each and every paragraph of this Complaint.

25. Plaintiffs are informed and believe and thereon allege that high ranking CITY OF SACRAMENTO officials, including Defendants, and DOES 26-50, and/or each of them, knew and/or reasonably should have known about acts of misconduct by Defendants, and DOES 1-25, and/or each of them. Yet-to-be-identified officers responded to a teenage boy running after stopping him for not having a reflector on his bicycle. A yet-to-be-identified officer then drove his police car across the oncoming traffic lane, up onto the curb and struck a teenage boy with his police vehicle over a bike light stop. High-ranking official should have known about the pattern of excessive force conduct of the Defendant Officers given this is just the latest use of excessive force incident in a string of recent excessive force incidents, including an incident where a Sacramento police officer also used his vehicle to try to run over a man. For example,

a) On July 11, 2016, Sacramento Officer Tennis and Loyoza tried to hit a mentally ill person, Joseph Mann, two times with their police vehicle, before getting out of their car and shooting Joseph Mann to death. Both officer left the force afterwards. [1]

b) On March 6, 2017, Sacramento Officers Ismael Villegas, Casey Dionne and Michael Hight chased an unarmed, John Hernandez, (who had been essentially loitering in front of a convenient store) into a hospital hallway where they tased, beat and used their body weight to compress Hernandez until he asphyxiated. Two witnesses testified that they had overheard Officer Villegas tell Hernandez he was going to "fuck [him] up" with a baton raised in his hand. The officers put Mr. Hernandez into a coma. *John Hernandez, et al. v. City of Sacramento*, (E.D. 2017) Case No: 2:17-cv-02311-JAM-DB.

c) The City of Sacramento paid $550,000 and agreed to start tracking racial profiling data in the case of Nandi Cain, where, in April 2017, Sacramento Police Officer Anthony Figueroa choke slammed Nandi Cain and punched him in the face several times for

---

[1] "Controversial shooting of black man by Sacramento police ends with officers leaving force"

https://www.sacbee.com/news/local/crime/article180804391.html

jaywalking.[2]

d) On March 28, 2018 Sacramento Officers shot and killed Stephon Clark, alleging that he was armed, when it turned out all he had was a cell phone.[3]

26. Despite having such notice, Plaintiffs are informed and believe and thereon alleges that Defendants, and DOES 1-50, and/or each of them, approved, ratified, condoned, encouraged and/or tacitly authorized the continuing pattern and practice of misconduct and/or civil rights violations by said officers. Yet-to-be-identified officers responded to a bike light stop involving a minor who fled and hit the minor, Plaintiff D.B., with his police car. Officials have not disciplined and/or retrained these officers despite clear department and constitutional violations against a minor.

27. Plaintiffs are further informed and believe and thereon allege that as a result of the deliberate indifference, reckless and/or conscious disregard of the misconduct by Defendants, and DOES 1-50, and/or each of them, encouraged these officers to continue their course of misconduct, resulting in the violation of Plaintiff's rights as alleged herein.

28. As against Defendant CITY OF SACRAMENTO, Defendants and/or DOES 1-50 in his/their capacity as police officer(s) for the CITY OF SACRAMENTO, Plaintiffs further allege that the acts and/or omissions alleged in the Complaint herein are indicative and representative of a repeated course of conduct by members of CITY OF SACRAMENTO tantamount to a custom, policy or repeated practice of condoning and tacitly encouraging the abuse of police authority, and disregard for the constitutional rights of citizens. This is reinforced by the fact that the officers in the aforementioned excessive force incidents as well as the one underlying this complaint have not been disciplined and/or re-trained.

---

[2] "Man beaten by Sacramento cop after jaywalking stop settles his case for more than money"

https://www.sacbee.com/latest-news/article208138724.html

[3] "Officers who killed Stephon Clark reveal new details about the night he died"

https://www.cnn.com/2019/03/07/us/sacramento-stephon-clark-shooting/index.html

29. The unconstitutional actions and/or omissions of Defendants and Does 1-25, as well as other officers employed by or acting on behalf of Defendant CITY OF SACRAMENTO on information and belief, were pursuant to the following customs, policies, practices, and/or procedures of the SACRAMENTO Police Department stated in the alternative, which were directed, encouraged, allowed, and/or ratified by policy making officers for CITY OF SACRAMENTO:

    a. To cover-up violations of constitutional rights by any or all of the following:

        i. by failing to properly investigate and/or evaluate complaints or incidents of excessive and unreasonable force;

        ii. by ignoring and/or failing to properly and adequately investigate and discipline unconstitutional or unlawful police activity; and

        iii. by allowing, tolerating, and/or encouraging police officers to: fail to file complete and accurate police reports; file false police reports; make false statements; intimidate, bias and/or "coach" witnesses to give false information and/or to attempt to bolster officers' stories; and/or obstruct or interfere with investigations of unconstitutional or unlawful police conduct, by withholding and/or concealing material information;

    b. To allow, tolerate, and/or encourage a "code of silence" among law enforcement officers and police department personnel, whereby an officer or member of the department does not provide adverse information against a fellow officer or member of the department; and,

    c. To use or tolerate improper policies and procedures for the use of a police vehicle to detain, stop, barricade, hit, interfere and/or block persons

    d. To use or tolerate inadequate, deficient, and improper procedures for handling, investigating, and reviewing complaints of officer misconduct made under California Government Code § 910 et seq.;

    e. To fail to have and enforce necessary, appropriate, and lawful policies, procedures, and training programs to prevent or correct the unconstitutional conduct, customs, and procedures described in this Complaint, with deliberate indifference to the rights and safety of Plaintiff and the public, and in the face of an obvious need for such policies, procedures, and training programs to prevent recurring and foreseeable violations of rights of the type described herein.

30. Defendants CITY OF SACRAMENTO and Does 26-50 failed to properly train, instruct, monitor, supervise, evaluate, investigate, and discipline Defendant Officers, and DOES 1-25, and other CITY OF SACRAMENTO police personnel, with deliberate indifference to Plaintiff's constitutional rights, which were thereby violated as described above.

31. The unconstitutional actions and/or omissions of Defendants and DOES 1-25, and other CITY OF SACRAMENTO personnel, as described above, were approved, tolerated and/or ratified by policy-making officers for the CITY OF SACRAMENTO Police Department.  Plaintiff is informed and believe, and thereupon alleges, the details of this incident have been revealed to the authorized policy makers within CITY OF SACRAMENTO , and that such policy makers have direct knowledge of the fact that the use of force on Plaintiff J.M. was not justified, but rather represented an unconstitutional use of unreasonable force.  Notwithstanding this knowledge, the authorized policy makers within CITY OF SACRAMENTO  have approved Defendant officers' grossly excessive and bias use of force on Plaintiff. By so doing, the authorized policy makers within the CITY OF SACRAMENTO and the STANISLAUS Police Department have shown affirmative agreement with the actions of Defendant Officer Does 1-25, and have ratified the unconstitutional acts of Defendant Officer Does 1-25.

32. The aforementioned customs, policies, practices, and procedures, the failures to properly and adequately train, instruct, monitor, supervise, evaluate, investigate, and discipline, as well as the unconstitutional orders, approvals, ratification and toleration of wrongful conduct of Defendant CITY OF SACRAMENTO  and Does 26-50, were a moving force and/or a proximate cause of the deprivations of Plaintiff's clearly-established and well-settled

constitutional rights in violation of 42 U.S.C. § 1983, as more fully set forth in Cause of Action 1-3, above.

33. Defendants subjected Plaintiff to their wrongful conduct, depriving Plaintiff of rights described herein, knowingly, maliciously, and with conscious and reckless disregard for whether the rights and safety of Plaintiff and others would be violated by their acts and/or omissions.

34. As a direct and proximate result of the unconstitutional actions, omissions, customs, policies, practices and procedures of Defendants CITY OF SACRAMENTO and Does 26-50 as described above, Plaintiff sustained serious injuries and is entitled to damages, penalties, costs and attorneys' fees as set forth above.

**FOURTH CAUSE OF ACTION**
**(Violation of the Bane Act (Cal. Civ. Code § 52.1))**
*(Plaintiff D.B. against Does 1-50)*

35. Plaintiffs hereby re-allege and incorporate by reference each and every paragraph of this Complaint.

36. Plaintiff brings this "Bane Act" claim individually for direct violation of his own rights.

37. By their conduct described herein, Defendant Does 1-50, acting in concert/conspiracy, as described above, violated Plaintiff's rights under California Civil Code §52.1, and the following clearly-established rights under the United States Constitution and the California Constitution:

   a. Plaintiff's right to be free from unreasonable searches and seizures as secured by the Fourth Amendment to the United States Constitution and by Article I, § 13 of the California Constitution;

   b. Plaintiff's right to be free from excessive and unreasonable force in the course of arrest or detention, as secured by the Fourth Amendment to

the United States Constitution and by Article 1, § 13 of the California Constitution;

38. Excessive force which violates the Fourth Amendment, also violates the Bane Act.[4] Defendants' use of unlawful force against Plaintiff, in and of itself, satisfies the "by threat, intimidation, or coercion" requirement of the Bane Act.

39. Further, any volitional violation of rights done with reckless disregard for those rights also satisfies the "by threat, intimidation, or coercion" requirement of the Bane Act.[5] All of Defendants' violations of duties and rights were volitional, intentional acts, done with reckless disregard for Plaintiff's rights; none was accidental or merely negligent.

40. Alternatively, Defendants violated Plaintiff's rights by the following conduct constituting threat, intimidation, or coercion that was above and beyond any lawful seizure or use of force:

   a. Threatening Plaintiff in the absence of any threat presented by him, or any justification whatsoever;

   b. Using deliberately reckless and provocative tactics to apprehend Plaintiff in violation of generally accepted law enforcement training and standards, and in violation of Plaintiff's rights;

   c. Defendant using bean bag gun, batons and pepper spray on Plaintiff in the absence of any threat or need for such force;

   d. Threatening violence against Plaintiff, with the apparent ability to carry out such threats, in violation of Civ. Code § 52.1(j);

   e. Using excessive, unreasonable and unjustified force against Plaintiff while he attempted to comply with the officers;

   f. Failing to intervene to stop, prevent, or report the unlawful seizure and use of excessive and unreasonable force by other officers;

---

[4] *See Chaudhry v. City of Los Angeles*, 751 F.3d 1096, 1105 (9th Cir. May 19, 2014) (citing *Cameron v. Craig*, 713 F.3d 1012, 1022 (9th Cir. 2013)).

[5] *Cornell v. City and County of San Francisco*, 17 Cal.App.5th 766, 801-02 (2017) (*review denied*).

COMPLAINT FOR DAMAGES
- 11

g.  Violating multiple rights of Plaintiff;

41. Defendant CITY OF SACRAMENTO is vicariously liable, pursuant to California Government Code § 815.2, for the violation of rights by its employees and agents.

42. As a direct and proximate result of Defendants' violation of California Civil Code §52.1 and of Plaintiff's rights under the United States and California Constitutions, Plaintiff sustained injuries and damages, and against all Defendants and is entitled to relief as set forth above, including punitive damages against Defendant Officer Does 1-50, and including all damages allowed by California Civil Code §§ 52, 52.1, and California law, not limited to costs, attorneys fees, treble damages, and civil penalties.

**FIFTH CAUSE OF ACTION**
**(Assault – Violation of CALIFORNIA PENAL CODE § 242)**
*(Plaintiff D.B. Against DOES 1-25)*

43. Plaintiffs hereby re-allege and incorporate by reference each and every paragraph of this Complaint.

44. Yet-to-be identified Defendant Officer Does, while working as a Police officer for the CITY OF SACRAMENTO , and acting within the course an scope of their duties, intentionally injured and/or caused fear of injury to Plaintiff with his police car without a lawful basis.

45. As a result of the actions of the Defendants, Plaintiff suffered physical injuries. Defendant Officer Does did not have legal justification for using force against Plaintiff, and Defendants' use of force while carrying out their police officer duties was an unreasonable use of force.

46. As a direct and proximate result of Defendants' assault of Plaintiff, Plaintiff sustained injuries and damages, and are entitled to relief as set forth above.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

**SIXTH CAUSE OF ACTION**

**(Battery – Violation of CALIFORNIA PENAL CODE § 242)**
*(Plaintiff D.B. Against DOES 1-25)*

47. Plaintiffs hereby re-allege and incorporate by reference each and every paragraph of this Complaint.

48. Yet-to-be identified Defendant Officer Does, while working as a Police officer for the CITY OF SACRAMENTO , and acting within the course an scope of their duties, intentionally injured Plaintiff with his police car without a lawful basis.

49. As a result of the actions of the Defendants, Plaintiff suffered physical injuries. Defendant Officer Does did not have legal justification for using force against Plaintiff, and Defendants' use of force while carrying out their police officer duties was an unreasonable use of force.

50. As a direct and proximate result of Defendants' battery of Plaintiff, Plaintiff sustained injuries and damages, and are entitled to relief as set forth above.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

**SEVENTH CAUSE OF ACTION**
**(Negligence)**
*(Plaintiff D.B. Against DOES 1-25)*

51. Plaintiffs hereby re-allege and incorporate by reference each and every paragraph of this Complaint.

52. At all times, Defendant Does 1-50 owed Plaintiff the duty to act with due care in the execution and enforcement of any right, law, or legal obligation.

53. At all times, Defendant Does 1-50 owed Plaintiff the duty to act with reasonable care.

54. These general duties of reasonable care and due care owed to Plaintiff by Defendants include but are not limited to the following specific obligations:

    a.    to refrain from using excessive and/or unreasonable force against Plaintiff;

      b.      to refrain from unreasonably creating the situation where force, including but not limited to excessive force, is used;

      c.      to refrain from abusing their authority granted them by law;

      d.      to refrain from violating Plaintiff's rights guaranteed by the United States and California Constitutions, as set forth above, and as otherwise protected by law.

55. Defendants, through their acts and omissions, breached each and every one of the aforementioned duties owed to Plaintiff.

56. Defendant CITY OF SACRAMENTO is vicariously liable for the wrongful acts and omissions of its employees and agents pursuant to Cal. Gov. Code section 815.2.

57. As a direct and proximate result of Defendant's negligence, Plaintiff sustained injuries and damages, and against each and every Defendant is entitled to relief as set forth above.

### EIGHTH CAUSE OF ACTION
**(Negligent Infliction of Emotional Distress)**
*(Plaintiff Renea Mcentee against DOES 1-25)*

58. Plaintiffs re-allege and incorporate by reference each and every paragraph of this Complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by defendants, and any and all allegations requesting punitive damages.

59. Defendants' above-described conduct was negligent. Defendants battered Plaintiff D.B. without legal justification and caused Plaintiff Mcentee, his biological mother, to suffer serious emotional distress. Plaintiff Mcentee is closely-related to Plaintiff D.B. because she is his biological mother. Plaintiff heard the yet-to-be-identified officer strike her son, Plaintiff D.B. with his car and saw Plaintiff D.B. shortly after severely injure. Plaintiff Mcentee

also heard his cries for her. Yet-to-be-identified officers refused to tell Plaintiff Mcentee if her son was alright or permit him to see him on scene which caused her serious emotional distress.

59. In engaging in the above-described conduct, Defendants' negligence was a substantial factor in causing Plaintiff Mcentee serious emotional distress.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## JURY DEMAND

60. Plaintiffs hereby demand a jury trial in this action.

## PRAYER

WHEREFORE, Plaintiffs pray for relief, as follows:

1. For general damages in a sum to be proven at trial;
2. For special damages, including but not limited to, past, present and/or future wage loss, income and support, medical expenses and other special damages in a sum to be determined according to proof;
3. For punitive damages against DOES 1-50 in a sum according to proof;
4. All other damages, penalties, costs, interest, and attorney fees as allowed by 42 U.S.C. §§ 1983 and 1988, Cal. Civil Code §§ 52 et seq., 52.1, and as otherwise may be allowed by California and/or federal law;
5. For declaratory and injunctive relief, including but not limited to:
   a. An order requiring Sacramento Police Department Officers to summon and/or facilitate a parent seeing his/her child after a use of force;

      b.  An order requiring Sacramento Police Officers to be prohibited from using deadly force of their police vehicle to merely detain, seize or hit a person that is simply fleeing, running and/or walking.

6. For cost of suit herein incurred; and

7. For such other and further relief as the Court deems just and proper.

Dated: May 13, 2019        **Law Offices of John L. Burris**

        **/s/ Patrick M. Buelna**
Patrick Buelna
Attorneys for Plaintiff

COMPLAINT FOR DAMAGES
- 16