UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| D.B., a minor, and RENEA McENTEE, <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF SACRAMENTO, <br><br> Defendant. | No. 2:19-cv-00852-TLN-KJN <br><br><br> **ORDER** |

By way of this action Plaintiffs D.B., a minor, and his mother, Renea McEntee (collectively, "Plaintiffs") seek redress from Defendant City of Sacramento ("Defendant") for damages arising from an incident wherein a Sacramento Police Officer lost control of his vehicle, jumped onto the curb, and struck D.B. with his vehicle. (ECF No. 14 at 1.) D.B. suffered injuries to his leg and body, as well as emotional distress. (ECF No. 1 at 2.) Plaintiff McEntee, who allegedly heard the crash and immediately witnessed the scene, suffered emotional distress. (ECF No. 1 at 2.) Plaintiffs assert causes of action for violations of civil rights under both Federal and State laws, as well as claims of assault, battery, and negligence. The parties have entered into a proposed global settlement of the action and, by way of the Petition for Compromise of Minor D.B.'s Claims presently before the Court (ECF No. 14), seek the Court's approval of the settlement terms as they pertain to the minor, D.B. For the reasons set forth below, the Petition is GRANTED.

1

Specifically, the parties seek to settle the action for a total of $75,000. According to the petition, Plaintiffs have agreed among themselves to apportion the total as follows: $60,000 will go to D.B. and $15,000 to his mother. Counsel will receive a 25% fee, which amounts to $15,000 of D.B.'s award. Plaintiffs also agree to split costs, with $1,786.13 coming from D.B.'s award.

This Court has a special duty to safeguard the interests of litigants who are minors. *See* Fed.R.Civ.P. 17(c) (addressing representation for minors and incompetents). "In the context of proposed settlements in suits involving minor plaintiffs, this special duty requires a district court to conduct its own inquiry to determine whether the settlement serves the best interests of the minor." *Robidoux v. Rosengren,* 638 F.3d 1177, 1181 (9th Cir.2011); *quoting Salmeron v. United States,* 724 F.2d 1357, 1363 (9th Cir.1983) (holding that "a court must independently investigate and evaluate any compromise or settlement of a minor's claims to assure itself that the minor's interests are protected, [ ] even if the settlement has been recommended or negotiated by the minor's parent or guardian ad litem") (internal citation omitted). The Court's inquiry must determine whether the "net amount distributed to each minor plaintiff in the settlement is fair and reasonable, in light of the specific facts of the case, the minor's specific claim, and recovery in similar cases." *Robidoux*, 638 F.3d at 1182. "So long as the net recovery to each minor plaintiff is fair and reasonable . . . the district court should approve the settlement as proposed by the parties." *Id.* The court must "evaluate the fairness of each minor plaintiff's net recovery without regard to the proportion of the total settlement value designated for adult co-plaintiffs or plaintiffs' counsel." *Id.*

Similarly, Local Rule 202 addresses settlements for minors and provides in pertinent part:

> **(b) Settlement.** No claim by ... a minor ... may be settled or compromised absent an order by the Court approving the settlement or compromise.
>
> . . .
>
> **(2) Approval in All Other Actions.** ... The application [for **minor's compromise**] shall disclose, among other things, the age and sex of the minor ..., the nature of the causes of action to be settled or compromised, the facts and circumstances out of which the causes of action arose, including the time, place and persons involved, the manner in which the compromise amount or other consideration was determined, including such additional information as may be

> required to enable the Court to determine the fairness of the settlement or compromise, and if a personal injury claim, the nature and extent of the injury with sufficient particularity to inform the Court whether the injury is temporary or permanent . . . .
>
> . . .
>
> **(c) Disclosure of Attorney's Interest.** When the minor . . . is represented by an attorney, it shall be disclosed to the Court by whom and the terms under which the attorney was employed . . . and whether the attorney has received or expects to receive any compensation, from whom, and the amount.
>
> . . .
>
> **(e) Payment of Judgment.** Whenever money or property is recovered on behalf of a minor . . . the money or property will be (1) disbursed to the representative pursuant to state law upon a showing that he is the duly qualified representative under state law, (2) disbursed otherwise pursuant to state law, or (3) disbursed pursuant to such other order as the Court deems proper for the protection of the minor . . . .

Based upon a review of Plaintiffs' Petition for Compromise of Minor D.B.'s Claims (ECF No. 14), the Court finds Plaintiffs have met the procedural requirements of Local Rule 202(b)(2) and (c). Specifically, Plaintiffs have identified the Minor, D.B., as a sixteen-year-old male. Plaintiffs have also appropriately identified the causes of action to be settled in the pending litigation, and have provided all relevant background facts, the nature and extent of the minor's injuries, and the manner in which the proposed settlement was determined. (See ECF No. 14 at 1–3.) Plaintiffs' Motion also identifies the Minor's attorneys, the nature of the representation, and the proposed fee agreement. (ECF No. 14 at 3.)

The Court further finds the proposed settlement is in the best interest of the Minor, and is fair and reasonable in light of the specific facts of the case and the Minor's specific claims at issue here. *See Robidoux*, 638 F.3d at 1181-82. While the events leading to the present litigation were likely traumatic, Plaintiff has made clear that the minor suffered minimal physical injury, including only scrapes, bruises, and a sprained ankle. (ECF No. 14 at 4.)

Finally, the attorney's fee arrangement is reasonable. In this District, 25% of the recovery has been considered a reasonable benchmark for attorneys' fees in contingency cases involving minors, and the parties here propose 25% of the total award, plus costs. *See, e.g.*, L.A. v. Kern

High School District, No. 1:17-cv-01123-DAD-JLT, 2019 WL 1099983 (E.D. Cal. March 8, 2019) (citing multiple Eastern District cases).  The Court can fathom no reason why a lesser fee would be warranted in this case, and therefore finds the fee award to be reasonable.

For the reasons set forth above, the unopposed Petition for Compromise of Minor D.B.'s Claims (ECF No. 14) is GRANTED.  Defendant shall issue checks in the total amount of $75,000.00 to settle the claims of the Plaintiffs D.B. and Renea McEntee.  Plaintiff D.B. will receive an apportionment of $60,000 of the total settlement consistent with the parties' agreement between themselves.  Plaintiff Renea McEntee will receive an apportionment of $15,000. Plaintiffs' attorneys will disburse the settlement for Minor Plaintiff D.B. and Plaintiff Renea Mcentee consistent with this petition.

IT IS SO ORDERED.

DATED: April 15, 2020

_____
Troy L. Nunley
United States District Judge